OPINION
Michael Malco was charged with driving under the influence, possession of marijuana, and possession of drug paraphernalia. After his motion to suppress evidence was overruled, Malco entered pleas of no contest to all charges and was found guilty of DUI and possession of marijuana. The court disposed of these charges, and Malco appealed, asserting assignments of error as follows:
 1. TRIAL COURTS DECISION THAT THE OFFICER DID HAVE REASONABLE SUSPICION TO STOP DEFENDANT (APPELLANT) WAS AN ABUSE OF DISCRETION AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS CONTRARY TO LAW.
 2. TRIAL COURTS DECISION THAT THE OFFICER HAD REASONABLE SUSPICION TO DETAIN DEFENDANT (APPELLANT) WAS AN ABUSE OF DISCRETION, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WAS CONTRARY TO LAW.
 3. TRIAL COURTS DECISION AND FINDING THAT OFFICER HAD THE OPINION THAT DEFENDANT (APPELLANT) WAS UNDER THE INFLUENCE OF ALCOHOL AS HE WAS WALKING WAS AN ABUSE OF DISCRETION AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 4. TRIAL COURTS DECISION THAT DEFENDANT (APPELLANT) WAS THE ONLY PERSON OFFICER SAW EXIT THE PUB WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 5. TRIAL COURTS DECISION THAT THE OFFICER SAW THE DEFENDANT (APPELLANT) PULL OUT OF THE PARKING LOT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
The question of law in this case is whether a police officer's observations of suspected alcohol impairment of a driverbefore he enters his car can provide a reasonable articulable suspicion of DUI after the driver enters the car and operates it, justifying a traffic stop, even though no erratic operation is observed.
The other question is whether the record supports the trial court's determination that the police officer made a traffic stop of the same person he earlier saw on foot and believed to be impaired.
The answer to both of these questions is "yes" and we, therefore, will affirm the judgment.
Officer David Marcum was the only witness at the suppression hearing. He was a twelve-year veteran of the Kettering Police Department as of Saturday, December 19, 1998, the date in question. He testified that about 12:50-55 a.m., he was southbound on Flesher Avenue approaching Patterson Road. Hank's Pub is situated on the northwest corner of the intersection of Flesher and Patterson. He observed Malco exit the pub on the Flesher Avenue side and almost fall down. Officer Marcum observed Malco for about one minute as he walked about 25 feet northward along Flesher toward the pub parking lot. During that time, Malco was unsteady on his feet, used his hands for balance, looked very disoriented, and "looked drunk." When Malco "disappeared" from Officer Marcum's view into the parking lot, Officer Marcum suspected Malco might enter a car so he crossed Patterson, turned around in a driveway, and re-crossed Patterson going northbound on Flesher. He observed Malco exit the parking lot and proceed north on Flesher using the middle of the road at all times. Officer Marcum activated his overhead lights shortly after Malco exited the parking lot based on his observations of Malco outside the bar and before he entered the parking lot. Malco stopped after turning onto Laird from Flesher.
Malco claims that because Officer Marcum observed no erratic driving, he lacked a reasonable articulable suspicion that Malco was driving under the influence notwithstanding his observation of Malco as he exited the pub and walked toward the parking lot. Although there is some support for Malco's position in Berea v.Sarrett (July 9, 1998), Cuyahoga App. No. 71931, unreported, a case involving similar, albeit not identical facts, we think the sounder analysis is contained in Judge Karpinski's dissent inSarrett, where she concludes that police observations of an alcohol impaired driver in a parked car, followed by police observations soon thereafter of the non-erratic operation of the same car, furnished the police with justification to stop the vehicle:
 This is a simple case. Officer Gercol knew from defendant's behavior and appearance during their initial encounter that defendant was appreciably impaired and "under the influence of alcohol." When he observed defendant driving away minutes later, he knew that defendant was "operating his motor vehicle" in that condition. Officer Gercol was entitled to "put two and two together" to conclude that defendant completed the offense of driving under the influence. Id.
 I would not require Gercol to ignore the obvious. Nor is he required to risk public safety and wait until he observes defendant commit an additional traffic law moving violation to stop defendant as he drove away. Id. The validity of the stop does not depend upon whether defendant also cut through the restaurant parking lot as he drove away, because the circumstances present a preexisting independent lawful basis for the stop.
 **5. The majority's focus on whether defendant committed the "shortcutting" offense is misplaced for this reason. Gercol was not required to observe defendant commit two crimes before stopping him.
(The majority held the stop was unlawful because the defendant had not committed a "shortcutting" ordinance violation and the police had not observed erratic driving).
We attach no legal significance to the fact that Officer Marcum did not, immediately upon observing Malco, stop him for public intoxication. For the purpose of this discussion, we are also ignoring the fact that Malco was at all times in "the middle of the road" on Flesher, possibly violating a traffic law, because the decision to stop Malco was based on Officer Marcum's observations of Malco as he exited Hank's and walked toward the parking lot.
Malco also contends that there was insufficient evidence that the person he saw exiting Hank's pub was the same person whom he observed driving away from the parking lot and whom he stopped. While it is true that the person exiting the pub was not constantly in Officer Marcum's sight until the traffic stop, and that Officer Marcum did not put a detailed description of that person in his report, Officer Marcum was emphatic that the person he saw outside the bar on foot was the same person he saw shortly thereafter driving out of the parking lot and whom he stopped. This testimony was sufficient to establish that the person outside the pub was the same person Marcum stopped.
Finding no error, the assignments are overruled, and the judgment will be affirmed.
In closing, we observe that counsel for both parties have ignored the requirement of Rep R (Supreme Court Rules for the Reporting of Opinions) 2(G)(3) and Loc.R. 9 of this court, both of which require unpublished or unreported opinions to be attached to appellate briefs. These rules, when observed, have the salutary effect of fully presenting a party's position to the reviewing judge in expeditious fashion. Failure to observe these rules, while not fatal to a party's cause, nevertheless places an unnecessary burden on the reviewing judge to track down these unreported cases and reflects badly upon the party's counsel, who is expected to know and comply with these rules.
BROGAN, J. and YOUNG, J., concur.
Hon. Larry W. Moore